**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEALANDUS MONTEZ BEST,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 06-62-GPM-PMF |
| | ) |
| **ALAN UCHTMAN,** | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is DeAlandus Best's § 2254 amended petition for a writ of habeas corpus (Doc. No. 18). Best is confined at Menard Correctional Center, where he is serving natural life sentences on two counts of first degree murder. Construing the Amended Petition in Best's favor, he seeks habeas relief on the following grounds:

   A).   Ineffective assistance from trial counsel, for failure to call Ethel Best as an alibi witness and refusal to have physical evidence tested by a forensic scientist.

   B).   Ineffective assistance from appellate counsel for refusal to raise meritorious issues.

   C).   Trial Court error in failing to hear argument on a pretrial motion seeking speedy trial.

   D).   Prosecution misconduct in presenting perjured testimony from witness Brian Hill.

   E).   Trial Court errors in admitting and excluding evidence.

   F).   Trial Court error in failing to instruct the jury on a lesser included offense.

   G).   Trial Court error in denying a motion to suppress DNA evidence.

   H).   Trial Court error in failing to consider pretrial motion asserting trial counsel's ineffectiveness.

   I).   Prosecution misconduct in closing argument that DNA evidence showed petitioner's involvement.

   J).   Trial Court error in allowing prosecution to make improper closing argument.

    K).    Trial Court error in finding that petitioner waived his right to testify in his defense.

    L).    Jury error in finding petitioner guilty beyond a reasonable doubt where evidence did not exclude every reasonable hypothesis of innocence.

Respondent asserts procedural default in defense of all grounds other than Ground H, which is contested on the merits.[1]

## I. Background

Five men, including Best, planned and attempted an armed robbery of Gerald Little. After obtaining black attire, walkie-talkies, and weapons, Little was lured to Gary James' home. When Little arrived in a truck driven by Christopher Price, the two were ambushed. Little tried to flee, without success. He was shot, apprehended and placed in the bed of the truck, where he was joined by petitioner and Brian Hill. Price drove the truck while James Bean rode in the passenger seat. Bean and petitioner were armed with handguns. Price attempted to abort the armed robbery by broadsiding another vehicle and trying to flee. After Bean fired shots at Price, he fled with Hill. Petitioner also fired shots and then joined Bean and Hill. As they fled, the three men discarded items of apparel and weapons, some of which were later recovered by police. Petitioner made statements indicating that he shot Price and Little to make sure they were dead. Christopher Price died from multiple gunshot wounds to the head and chest. Gerald Little died from multiple gunshot wounds to the face, neck and chest.

Shortly after the office of the public defender was appointed to represent Best, attorney Lopinot filed a motion for discovery. Best's case was set for trial and continued several times. On

---

[1] Respondent also addresses an argument regarding the representation provided by counsel during post-conviction proceedings (Doc. No. 19, pp. 4-6). Because Best does not raise this issue as grounds for habeas corpus relief, it is not addressed.

2

February 22, 2000, the prosecution moved to join Best's trial with the prosecution of James Bean. Attorney Menges also successfully opposed the State's motion for joinder. On February 23, 2000, attorney Menges filed a group of motions seeking to preserving hair, blood, and saliva samples; production of laboratory and test results; approval of funds to retain a DNA expert; and chain of custody documents related to physical evidence. The motions were allowed. Additional orders continuing Best's trial were entered, due to delays in obtaining information related to DNA testing. During that time, James Bean was tried and convicted. Attorney Menges successfully sought a copy of the transcript of his Bean's trial.

The Clerk received a letter from Best, dated April 24, 2001. Best complained that he had been held for nearly 2 years, had not heard from his attorney in 10 months, and had received no response to multiple written requests for an explanation of the delay in bringing his case to trial. In this letter, Best said he was ready to prove his innocence, noting that the person responsible had been convicted. On May 1, 2001, Best filed a motion seeking a fast and speedy trial.

Best appeared for a pretrial conference on May 16, 2001, and his case was set for trial on June 18, 2001. On the date of the pretrial conference, Best wrote to Judge LeChien, complaining that defense counsel "kept trying to [avoid] me from talking to you" and voicing the opinion that he was being mistreated by his attorney. Best explained that he had never instructed his counsel to obtain continuances or filed motions and related his opinion that counsel was not trying to help him. Notations on the letter indicate that the letter was filed and that copies were sent to Best's attorney and the State's Attorney. The record gives no indication whether the Clerk brought the letter to the attention of Judge LeChien.

On June 12, 2001, defense counsel answered the prosecution's request for discovery,

indicating that Best might present alibi evidence that he was at his aunt's residence at the time of the crimes. Trial commenced on June 18, 2001. At trial, testimony linked one saliva sample on a ski mask to petitioner; another saliva sample was identified as a mixture from petitioner and three others. The result of a hair sample was interpreted as being microscopically consistent with petitioner's hair standard. Attorney Menges made and argued a motion to strike all of the DNA testimony, without success. In addition to the physical evidence, three of the four accomplices (Springer, James, and Hill) identified Best as one of the men involved in planning and attempting the armed robbery. Attorney Menges skillfully cross-examined the accomplices, at times using the transcript from James Bean's trial to point out inconsistent statements. Best did not testify. The jury returned verdicts of guilty.

Attorney Mengus filed a post-trial motion filed on July 19, 2001, raising arguments regarding the sufficiency of the evidence, remarks and techniques used in closing argument, and evidentiary rulings. Best addressed the Court at the hearing, claiming his innocence and expressing regret that he followed counsel's advice and did not testify in his own defense.

Best filed a direct appeal and was represented by appointed counsel. He asked the Illinois Appellate Court to reverse his conviction on the basis that the trial court had erred by failing to inquire into Best's pre-trial allegations of ineffective assistance of counsel. The Illinois Appellate Court affirmed, finding that the trial court had no duty to investigate the adequacy of counsel's professional performance under the circumstances. Best sought leave to appeal to the Illinois Supreme Court, without success.

Best filed a post conviction petition, challenging trial counsel's effectiveness, jury instructions, evidentiary rulings, and appellate counsel's effectiveness. Appointed counsel filed an

amended petition, adding claims regarding omitted evidence, failure to hear a pretrial motion, prosecutorial misconduct, misstatement of evidence, failure to obtain a valid waiver of Best's right to testify, and insufficient proof. Following an evidentiary hearing, the petition was denied. On appeal, Best asked the Illinios Appellate Court to remand for further proceedings, claiming that post-conviction counsel had failed to provide reasonable assistance. The Illinois Appellate Court affirmed the order denying the petition. A petition for leave to appeal to the Illinois Supreme Court was denied.

## II.   Procedural Default

Respondent contends that all but one of Best's habeas claims are barred by the doctrine of procedural default. A petitioner who has exhausted his state court remedies without properly asserting his federal claims at each level of state court review has procedurally defaulted his federal claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In Illinois, the federal claims must be presented on direct appeal to the Illinois Appellate Court and in a petition for leave to appeal to the Illinois Supreme Court. Federal claims that are not presented on direct review must be presented in a complete round of post-conviction proceedings. A claim in procedural default may be reviewed upon a showing of cause and prejudice, a showing that failure to consider the claim would result in a fundamental miscarriage of justice, or when the State court applies a procedural rule that is not firmly established and regularly followed. *James v. Kentucky*, 466 U.S. 341, 348 (1984).

The materials on file show that Best abandoned most of his federal claims by limiting the issues raised before the Illinois Appellate Court and the Illinois Supreme Court on direct appeal, on appeal from denial of his post-conviction petition, and in petitions seeking leave to appeal. The

5

following grounds for habeas relief were not presented at these levels of review and are in procedural default:   A, B, C, D, E, F, G, I, J, K and L.

Best may be attempting to show cause for the procedural default, as he alleges that his appellate counsel failed to raise meritorious issues on direct appeal.  Because a defendant is entitled to effective assistance of counsel through his first appeal of right, procedural defaults can be excused when the representation provided on direct appeal falls below the level required by the Sixth Amendment.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  However, in order to assert ineffective assistance of appellate counsel on direct appeal as cause, it must be fairly presented to the state courts as an independent claim.  *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000); *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004).  Best defaulted his ineffective assistance of counsel on direct appeal claim by failing to raise that claim before the Illinois Appellate Court and Illinois Supreme Court during post-conviction review proceedings.  Accordingly, the argument does not excuse the procedural default of Bests habeas claims.

### III.    Ground H - Failure to Investigate Pretrial Claim of Ineffective Counsel

Best argues that the trial court failed to perform a duty to make a preliminary investigation into pretrial allegations that Best was not receiving adequate assistance appointed counsel.  He maintains that the minimum standard requires "some interchange between the court and the [defense] attorney."  Because Best relies on several cases decided by the Illinois Supreme Court, the respondent maintains that he is raising an issue of state law that does not implicate the Constitution.

Habeas relief may be granted if the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d)(1).  A state court's decision is contrary to Supreme Court precedent if the court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from relevant Supreme Court precedent and arrives at an opposite result. A state court unreasonably applies Supreme Court precedent if there is an objectively unreasonably application of the law to the facts of the particular case or an objectively unreasonable extension or refusal to extend a principal to a new context. *Williams v. Taylor*, 529 U.S. 362, 405 - 407 (2000).

The Sixth Amendment guarantees the fundamental right to counsel, which prevents Illinois from conducting a trial at which Best faces incarceration and must defend himself without adequate legal assistance. While the trial court may assume with confidence that most counsel will protect the rights of the accused, the trial judge must make inquiries and augment the record when certain circumstances arise. *See Holloway v. Arkansas*, 435 U.S. 475, 483-484 (1978)(trial court's failure to investigate timely objection to joint representation and ascertain risk of a conflict of interests violated the Sixth Amendment). Established federal law requires such a judicial inquiry when the trial court knows or reasonably should know that a conflict of interest exists. *Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980).

The Illinois Appellate Court evaluated this claim by inquiring into the surrounding facts and circumstances. These particular factors led the state court to reject Best's claim: Best made a pretrial complaint rather than a post-trial motion, the record did not show that the trial judge was aware that Best had sent the letter, Best expressed his dissatisfaction with counsel in an equivocal manner, Best did not speak up about his concerns when he appeared in court, the trial court knew delays in the proceedings were justified, and Best's comments at sentencing revealed tacit approval of all but one aspect of counsel's performance (Doc. No. 10-5, pp. 5-10).

The Illinois Appellate Court's decision does not amount to an unreasonable application of established federal law.  The duty of the trial court to inquire regarding counsel's performance is properly assessed on the basis of the surrounding factual circumstances.  *Id*., 446 U.S. at 347-48; *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002)(vague possibility of a conflict does not trigger a duty to inquire).  The Illinois Appellate Court properly determined that Best did not relate to the trial judge an ethical conflict preventing adequate performance by trial counsel, so as to create a duty of inquiry.

### IV.   Conclusion

IT IS RECOMMENDED that DeAlandus Best's § 2254 amended petition for a writ of habeas corpus (Doc. No. 18) be DENIED.  This action should be DISMISSED.

SUBMITTED:  June 18, 2007 .

> *s/ Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**